IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD PAUL GLUNK, | : | |
| | : | |
| Debtor. | : | Case No. 05-31656-KCJ |

**<u>ORDER MODIFYING STAY</u>**

AND NOW, this _____ day of _____ 2005, upon consideration of the Motion to Modify Stay filed by Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, and Colleen M. Fledderman in her own right (collectively, "Movants"), and any response thereto, it is hereby ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and it is

FURTHER ORDERED that Movants are authorized to continue prosecuting the suit now pending in the Court of Common Pleas of Philadelphia County (the "State Court") captioned *Daniel H. Fledderman and Colleen M. Fledderman, co-administrators of the Estate of Amy Marie Fledderman, Deceased and Colleen M. Fledderman in her own right*, August Term, 2001, No. 3619 (the "State Court Litigation") and, in this connection, to advise the State Court that the automatic stay provided by 11 U.S.C. §362 has been modified to permit trial to proceed and to request the earliest possible listing for the trial; and it is

FURTHER ORDERED that Movants shall be permitted to seek and obtain payment on account of any judgment obtained in the State Court Litigation from Debtor's insurance carrier, Gulf Atlantic Insurance Services, consistent with said insurer's policy

but Movants shall not be permitted to otherwise execute against Debtor's assets without further order of this Court unless this case is dismissed or Movants' claim is held by this Court to be non-dischargeable.

                                                    The Honorable Kevin J. Carey
                                                    United States Bankruptcy Judge

Interested parties:

Brian R. Elias, Esquire
Kevin S. Anderson, Esquire
Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive, Third Floor
Blue Bell, PA 19422

Jeffrey S. Cianciulli, Esquire
Weir & Partners LLP
The Widener Building
1339 Chestnut Street
Fifth Floor
Philadelphia, PA 19107

Gloria M. Satriale, Esquire
One McKinley Lane
Chester Springs, PA 19425

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Slade H. McLaughlin, Esquire
The Beasley Firm
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19104

John A. Filoreto, Esquire
McKissock & Hoffman, P.C.
1818 Market Street
Philadelphia, PA 19103

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD PAUL GLUNK, | : | |
| | : | |
| Debtor. | : | Case No. 05-31656-KCJ |

### MOTION TO MODIFY STAY

Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, and Colleen M. Fledderman in her own right (the "Movants"), by and through their undersigned counsel, hereby move this Honorable Court to modify the automatic stay in force in the above referenced case, and respectfully represent as follows:

1. On August 31, 2005 (the "Petition Date"), Richard Paul Gunk, M.D., (the "Debtor"), the above named debtor, filed a voluntary petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and on September 1, 2005 Gloria M. Satriale, Esquire was appointed Trustee in this case.

2. On November 28, 2005, the chapter 7 trustee filed a Notice of No Distribution with the Court.

3. Pursuant to Section 362 of the Bankruptcy Code, all persons are enjoined and stayed from commencing or continuing any suit against Debtor.

4. On August 31, 2001, Movants commenced a suit against Debtor, as defendant, in the Court of Common Pleas of Philadelphia County (the "State Court"), captioned *Daniel H. Fledderman and Colleen M. Fledderman, co-administrators of the Estate of Amy Marie Fledderman, Deceased and Colleen M. Fledderman in her own right*, August Term, 2001, No. 3619 (the "State Court Litigation") to recover damages in

excess of Fifty Thousand Dollars ($50,000) based on Debtor's gross negligence (*i.e.*, medical malpractice), which resulted in the death of their daughter, Amy.

5. As of the Petition Date, all discovery had been completed in the State Court Litigation, the State Court was fully familiar with the matter, the State Court had scheduled jury selection to begin on September 16, 2005, a mere 17 days after the Petition Date and the State Court had scheduled trial of the State Court Litigation to commence on September 19, 2005, a mere 20 days after the Petition Date.

6. Prior to the Petition Date, Debtor was being vigorously defended by his professional liability carrier, Gulf Atlantic Insurance Services (the "Insurer"), who retained the services of Peter Hoffman, Esquire of McKissock & Hoffman, P.C., Philadelphia.

7. Following the Petition Date, the Movants' State Court Litigation counsel and the Debtor's State Court Litigation counsel met with Common Pleas Court Judge Sandra Moss who advised them that at such time as the State Court Litigation was permitted to proceed, litigation counsel should agree on a date for the trial and the trial could begin on that date.

8. The defense has been provided to Debtor at no expense to Debtor.

9. The amount of coverage available under Debtor's professional liability policy is at least $1.2 million.

10. Under the policy, the Insurer would be responsible to pay any judgment obtained by Movants following the conclusion of the State Court Litigation up to the policy limits.

11. In the event that Movants' recovery in the State Court Litigation exceeds the policy limits payable by the Insurer, Movants acknowledge that they could not proceed directly against Debtor unless (i) further relief from the automatic stay is ordered by this Court following notice and hearing, (ii) this Court dismisses Debtor's chapter 7 case[1] or, (iii) prior to the entry of any discharge the Court determines that Movants' claim against Debtor is non-dischargeable under Section 523(a) of the Bankruptcy Code.

12. The State Court is in the best position to liquidate Movants' claim against Debtor because of its familiarity with the State Court Litigation and expertise in adjudicating medical malpractice cases.

13. Movants' claim constitutes the single largest claim against Debtor's estate, which is subject to the claims of only four other creditors whose total claims according to Debtor's Bankruptcy Schedules are less than $10,000 in total.[2]

14. The continuation of the aforementioned suit will not hinder, burden, delay or be inconsistent with this case.

15. Section 362 (d) of the Bankruptcy Code provides in pertinent part that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause . . .."

---

[1] Contemporaneous with the filing of this Motion, Movants have filed a Motion to Dismiss Debtor's Bankruptcy Case Pursuant to 11 U.S.C. §707(a) of Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, and Colleen M. Fledderman in Her Own Right.

[2] Debtor also identified two secured creditors in his schedules – the mortgagee for his house and the lender for his automobile. Debtor is not in default under either arrangement. Moreover, his mortgagee is oversecured to the tune of more than $2.75 million.

16. "Whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d) is within the discretion of the bankruptcy court." *In re Jones*, 284 B.R. 29, 98 (Bankr. E.D. Pa. 2000).

17. Among other factors considered by bankruptcy courts in evaluating whether to lift or modify the automatic stay are:

    a. Whether relief would result in a partial or complete resolution of the issues;

    b. Lack of any connection with or interference with the bankruptcy case;

    c. Whether the other proceeding involves the debtor as a fiduciary;

    d. Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    e. Whether the debtor's insurer has assumed full responsibility for defending it;

    f. Whether the action primarily involves third parties

    g. Whether litigation in another forum would prejudice the interests of other creditors;

    h. Whether the judgment claim arising from the other action is subject to equitable subordination;

    i. Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    j. The interests of judicial economy and the expeditious and economical resolution of litigation;

    k. Whether the parties are ready for trial in the other proceeding; and

    l. Impact of the stay on the parties and balance of harms.

*In re Fowler*, 259 B.R. 359, 358 (Bankr. E.D. Texas 1999) citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). *See also, In re Bogdanovich*, 292 F3d 104, 110 (2d Cir. 2002).

      18.    Judged against the foregoing standard, the equities before this Court overwhelmingly militate in favor of granting the instant motion since (i) the resolution of Movants' claim is dependent on the adjudication of their claim; (ii) the trial of the claim in the State Court will in no way interfere with this chapter 7 case, (iii) the Debtor's Insurer has assumed full responsibility for his defense, (iv) the rights of no other creditors would be prejudiced by permitting the litigation to proceed since the chapter 7 trustee has filed a report of no assets with the court, (v) equitable subordination is not a consideration with respect to the Movants' claim, (vi) the interests of judicial economy and the expeditious and economic resolution of the litigation would certainly be the case and (vii) the parties were fully ready to go to trial as it was specially listed to begin a mere 20 days after the Petition Date and had be thus scheduled since March of 2005.

      19.    Clearly, continuing the stay would deny the Movants their day in court to seek redress for the death of their daughter and deny them the possibility of a recovery from the Debtor's Insurer while providing no benefit to any other creditor of this estate or relieving the Debtor of any untoward burden since the is not paying for his own defense.

[Balance of page left intentionally blank]

WHEREFORE, Movants pray that the stay provided by §362 of the Bankruptcy Code be modified as to permit them to continue the State Court Litigation and that they shall receive such other and further relief in Movants' favor as the Court deems appropriate.

|  | Respectfully submitted, |
|---|---|
| **OF COUNSEL:** | |
| **ELLIOTT GREENLEAF** | s/ Brian R. Elias |
| **& SIEDZIKOWSKI, P.C.** | KEVIN S. ANDERSON |
| | BRIAN R. ELIAS |
| | Union Meeting Corporate Center V |
| | P.O. Box 3010 |
| | 925 Harvest Drive, Third Floor |
| | Blue Bell, PA 19422 |
| | (215) 977-1000 - (215) 977-1099 fax |
| | |
| | Attorneys for Daniel H. Fledderman and Colleen M. Fledderman, Co-Administrators of the Estate of Amy Marie Fledderman, and Colleen M. Fledderman in her own right |