**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    RICHARD PAUL GLUNK        :    Chapter 7
                                    :
          Debtor                    :    Bky. No. 05-31656ELF

# O R D E R

**AND NOW,** the Debtor having filed a Motion for Confirmation of Relief from the Automatic Stay to Appeal State Court Judgment, Or, in the Alternative, for Relief from the Automatic Stay to Appeal State Court Judgment ("the Motion");

**AND**, Daniel H. Fledderman and Colleen M. Fledderman ("the Respondents") having filed a Response to the Motion;

**AND**, the court having scheduled a hearing on the Motion on an expedited basis at the Debtor's request;

**AND**, a hearing on the Motion having been held on November 19, 2008;

**AND**, by Order dated June 12, 2006 ("the June 12th Order) (Docket Entry No. 39), the court having granted relief from the automatic stay, 11 U.S.C. §362(a), allowing the Respondents to resume prosecution of the action Fledderman v. Glunk, No. 3619, August Term 2001 (C.P. Phila.) ("the State Court Action"), but such Order otherwise having left the automatic stay, "in full force and effect," see June 12th Order ¶2.c.;

**AND**, no discharge having been entered in this case under 11 U.S.C. §727(a) and therefore, the automatic remaining in effect, see generally 11 U.S.C. §362(c)(1), (2) (stay terminates upon entry of discharge except as to actions against property of the estate);

-1-

**AND**, a judgment having been entered in favor of the Respondents and against the Debtor in the State Court Action ("the Judgment");

**AND**, the Debtor having requested relief from the automatic stay (to the extent such relief is not implicit in the June 12th Order) to file an appeal from the Judgment;

**AND**, at the hearing on the Motion, the Debtor having requested clarification of the scope of the June 12th Order and additional relief, if necessary, in the form of an order staying the Respondents from engaging in any collection action with respect to the Judgment, specifically the transfer of the Judgment from Philadelphia County to a court in another jurisdiction;

**AND**, at the hearing, the Respondents having consented to a ruling on the merits of the Debtor's request for additional relief without the necessity of a separate written request, motion or adversary complaint therefor, see Fed. R. Bankr. P. 7001(7); Matter of Pence, 905 F.2d 1107, 1109 (7th Cir. 1990); In re Thomas, 2007 WL 1079980, at *5 n.4 (Bankr. N.D. Cal. Apr. 5, 2007); In re Woods, 316 B.R. 522, 527 (Bankr. N.D. Ill. 2004);

**AND**, after having considered the parties' arguments,

It is hereby **ORDERED** and **DETERMINED** that:

1. The Motion is **GRANTED**.

2. The Debtor is granted relief from the automatic stay to assert any and all appellate rights available to him under applicable state law in connection with the State Court Action.

3. Pursuant to the June 12th Order, the Respondents may assert any and all appellate rights

available to them under applicable state law in connection with the State Court Action.[1]

4. To the extent that Fed. R. Bankr. P. 4001(a)(3) applies, its provisions are waived and the parties may exercise their rights under ¶¶2-3 above forthwith.

5. Pursuant to the automatic stay, which was unaffected by the June 12th Order in this regard, the Respondents are stayed from any post-judgment execution on the Judgment (including, but not limited to, the transfer of such judgment to a jurisdiction outside of Philadelphia County).

6. Paragraph 5 of this Order shall remain in effect unless and until expressly modified by further Order of this court.

7. Paragraph 5 shall remain in effect following the entry of an Order of Discharge under 11 U.S.C. §727(a), subject to Paragraph 8 below.

8. If this court enters an Order in the adversary proceeding docketed as Adv. No. 05-0700 (Bankr. E.D. Pa.) determining that the Debtor's debt to the Respondents is nondischargeable under 11 U.S.C. §523(a), Paragraphs 5-7 above shall terminate forthwith.

9. Nothing in this Order shall preclude either party from seeking a modification of its terms based on newly discovered evidence or changed circumstances.

---

[1] The June 12th Order is ambiguous insofar as it granted relief to the Respondents to prosecute the State Court Action to "final judgment." The concept of "finality" may mean different things in different contexts (e.g., finality for purposes of the application of collateral estoppel; finality for purposes of the appealability of a court order; finality in the sense that no further direct appeals may be taken from a court order due to the passage of time or the rendering of a decision by the highest court to which an appeal may be made). Paragraph 3 of this Order clarifies that the June 12th Order was intended to grant the Respondents relief in the last sense described in the parenthetical in the preceding sentence – i.e., to prosecute or defend all appeals in the State Court Action to the point where no further direct appeals could be taken.

Date: **November 20, 2008**

                         **ERIC L. FRANK**
                         **U.S. BANKRUPTCY JUDGE**